IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **ADAM MASSEY,**<br><br>Plaintiff,<br><br>v.<br><br>**UINTAH TRANSPORTATION SPECIAL SERVICE DISTRICT, et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00772-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court are three motions to strike Plaintiff Adam Massey's ("Mr. Massey") second amended complaint (collectively, "Motions to Strike") filed by the following parties: (1) Defendants Uintah County, Bill Stringer, and Brad Horrocks (collectively, "County Defendants");[2] (2) Defendants Dan Dilsaver, Brad Horrocks,[3] Kevin Van Tassell, and Bob Leake (collectively, "Board Member Defendants");[4] and (3) Defendant Uintah

---

[1] ECF No. 3.

[2] ECF No. 34.

[3] Brad Horrocks is sued in this action both in his capacity as Uintah County Commissioner and as Board Member of the Uintah Transportation Special Service District. Because he is represented by different counsel in each capacity, he is a party to two of the motions before the court.

[4] ECF No. 36.

Transportation Special Service District ("UTSSD").[5] Additionally, the court considers Mr. Massey's five motions.[6]

The court has carefully reviewed the written memoranda submitted by the parties. Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court: (1) grants the Motions to Strike; and (2) denies Mr. Massey's five motions.

## BACKGROUND

Mr. Massey filed his original complaint in this action on November 2, 2020.[7] Prior to serving his original complaint, Mr. Massey filed a first amended complaint on January 21, 2021, as permitted under Fed. R. Civ. P. 15(a)(1).[8] On February 19, 2021, after the County Defendants, the Board Member Defendants, and UTSSD had all been served with process and entered appearances, Mr. Massey filed a second amended complaint without leave of court.[9]

On March 5, 2021, the County Defendants moved to strike Mr. Massey's second amended complaint because it was filed without the opposing parties' written consent or leave of court.[10] Soon thereafter, the Board Member Defendants and UTSSD each moved to strike Mr.

---

[5] ECF No. 37.

[6] ECF Nos. 44-48.

[7] ECF No. 2.

[8] ECF No. 5.

[9] ECF No. 28.

[10] ECF No. 34.

Massey's second amended complaint by incorporating the County Defendants' arguments.[11] Mr. Massey filed a consolidated response to those motions on March 18, 2021.[12] The County Defendants and UTSSD each filed a reply on April 1, 2021.[13] The Board Member Defendants did not reply.

On April 12, 2021, Mr. Massey filed his five motions currently before the court.[14] In the consolidated response referenced above, Mr. Massey's counsel indicates that he filed the first amended complaint with the court before it was served on the County Defendants, the Board Member Defendants, or UTSSD. Apparently on the same day he filed the first amended complaint, Mr. Massey's counsel prepared a second amended complaint. Mr. Massey's counsel did not serve the first amended complaint that had been filed with the court on the County Defendants, the Board Member Defendants, or UTSSD. Instead, he served the second amended complaint on those parties, notwithstanding the fact that he had not filed the second amended complaint with the court. Mr. Massey's counsel indicates that he failed to file the second amended complaint prior to its service due to "inadvertence."[15] It was not until the County Defendants moved to dismiss Mr. Massey's complaint for insufficient service of process on

---

[11] ECF Nos. 36-37.

[12] ECF No. 38.

[13] ECF Nos. 41-42.

[14] ECF Nos. 44-48.

[15] ECF No. 38 at 6.

February 18, 2021[16] that Mr. Massey's counsel discovered that he had not filed the second amended complaint. Mr. Massey's counsel filed the second amended complaint the following day.[17] Mr. Massey's counsel filed five motions to correct his "failure to follow the correct procedure."[18]

## ANALYSIS

Before the court are the Motions to Strike and Mr. Massey's five motions. Based upon the following analysis, the court: (I) grants the Motions to Strike and, consequently, strikes Mr. Massey's second amended complaint; and (II) denies Mr. Massey's motions.

### I.    The Motions to Strike Are Granted.

Mr. Massey's second amended complaint must be stricken because it was filed without the opposing parties' consent or leave of court. Fed. R. Civ. P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course" under certain circumstances. Fed. R. Civ. P. 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Mr. Massey used his one chance to amend his complaint as a matter of course when he filed his first amended complaint. For the second amended complaint, Mr. Massey was required to obtain the opposing parties' written consent or

---

[16] ECF No. 27. UTSSD and the Board Member Defendants have also moved to dismiss this action for insufficient service of process. ECF Nos. 33, 35. All of those motions to dismiss are currently pending before Judge Nielson.

[17] ECF No. 28.

[18] ECF No. 38 at 4.

leave of court. Mr. Massey did not obtain either and, therefore, the second amended complaint is stricken because it has no legal effect.[19]

## II. Mr. Massey's Motions Are Denied.

Mr. Massey has moved: (A) to amend proof of service under Fed. R. Civ. P. 4(*l*)(3) and to extend time to complete service of process under Fed. R. Civ. P. 4(m); (B) for leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2); (C) for permission to file and serve a supplemental pleading under Fed. R. Civ. P. 15(d); and (D) for a pretrial management conference under Fed. R. Civ. P. 16. The court addresses those motions in turn below. Based upon the following analysis, the court denies the motions.

### A. Mr. Massey's Two Fed. R. Civ. P. 4 Motions Are Denied.

Mr. Massey makes two motions under Fed. R. Civ. P. 4. First, he moves to amend his proofs of service for the County Defendants, the Board Member Defendants, and UTSSD under Fed. R. Civ. P. 4(*l*)(3). Although the specific amendments Mr. Massey seeks to make to his proofs of service are not stated, it appears that Mr. Massey is essentially asking the court to deem that his service of the second amended complaint constituted proper and sufficient service of process. Second, Mr. Massey moves for an extension of time to complete service of process under Fed. R. Civ. P. 4(m). Although not entirely clear, it appears that Mr. Massey believes that

---

[19] *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is without legal effect."); *U.S. Bank Nat'l Ass'n v. Multi Serv. Corp.*, No. 15-CV-7502-EFM-KGS, 2015 WL 9272846, at *2 (D. Kan. Dec. 1, 2015) (striking amended complaint because it was filed without the opposing party's written consent or leave of court); *Vasquez v. Johnson Cnty. Hous. Coal., Inc.*, No. CIV.A. 03-2147-CM, 2003 WL 21479186, at *1 (D. Kan. June 16, 2003) (same); *Collins v. State of Kan.*, No. 01-2380-JWL, 2002 WL 169394, at *2 (D. Kan. Jan. 29, 2002) (same).

an extension of time would permit him to somehow serve the second amended complaint properly.

Mr. Massey's Fed. R. Civ. P. 4 motions are without merit. In effect, both motions ask the court to allow Mr. Massey to use Fed. R. Civ. P. 4 to circumvent the requirements for amending his complaint under Fed. R. Civ. P. 15(a)(2). The court cannot do so. Regardless of which complaint was served on Defendants, the fact is that Mr. Massey filed an amended complaint followed by another, which lacked either permission from the opposing parties or the court. Fed. R. Civ. P. 4 does not circumvent Fed. R. Civ. P. 15. Importantly, Mr. Massey has not cited, and the court has been unable to locate, any authority that would permit such a creative use of Fed. R. Civ. P. 4. Therefore, the court denies Mr. Massey's Fed. R. Civ. P. 4 motions.

    **B.    Mr. Massey's Motion for Leave to File an Amended Complaint Under Fed. R. Civ. P. 15(a)(2) Is Denied Without Prejudice.**

Mr. Massey moves the court for leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2). Mr. Massey's motion fails for two reasons.

First, even though Mr. Massey purports to bring his motion under Fed. R. Civ. P. 15(a)(2), his arguments focus on Fed. R. Civ. P. 15(a)(1). Indeed, Mr. Massey's primary argument is that the court should deem his filing of the second amended complaint as an amendment as a matter of course under Fed. R. Civ. P. 15(a)(1). That argument fails. As indicated above, Mr. Massey's first amended complaint constituted his one amendment as a matter of course under Fed. R. Civ. P. 15(a)(1). Any subsequent amendments must be considered under Fed. R. Civ. P. 15(a)(2).

Second, Mr. Massey has neither identified nor addressed any of the standards the court must consider when determining whether to provide a party with leave to amend. Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave" to amend pleadings "when justice so

requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[20] Mr. Massey does not discuss any of those issues. Because Mr. Massey's motion for leave to amend does not address the relevant legal standard, the court cannot grant the motion. However, to provide Mr. Massey with an opportunity to address the appropriate standards, the court denies the motion without prejudice and grants permission to refile a motion to amend the complaint that addresses the required standards of Fed. R. Civ. P. 15(a)(2).

      C.      **Mr. Massey's Motion for Permission to File and Serve a Supplemental Pleading Under Fed. R. Civ. P. 15(d) Is Denied.**

Mr. Massey moves the court for permission to file and serve a supplemental pleading under Fed. R. Civ. P. 15(d). Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." That rule "plainly permits supplemental amendments to cover events happening after suit."[21] "Supplemental pleadings are thus appropriate to 'set forth *new facts* in order to update [an] earlier pleading.' They are distinct from amendments to pleadings under Rule 15, which 'relate to matters that occurred prior to the filing of the original pleading.'"[22] Based upon his

---

[20] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

[21] *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964).

[22] *Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (alteration in original) (emphasis added) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1504 (3d ed. 2014)).

contention that that Fed. R. Civ. P. 15(d) "does not distinguish between procedural or substantive transactions, occurrences[,] or events,"[23] Mr. Massey appears to argue that the procedural deficiencies with the filing and service of the second amended complaint constitute a basis for supplementing his pleadings. That argument fails for at least two reasons.

First, Mr. Massey has not cited any authority to support his argument. Furthermore, the court has been unable to locate any such authority. Indeed, the court could not find any caselaw discussing Fed. R. Civ. P. 15(d) in a context other than supplementing a pleading with substantive allegations. Because Mr. Massey's Fed. R. Civ. P. 15(d) argument does not provide any substantive post-complaint transactions, occurrences, or events that would justify allowing a supplemental pleading, his reliance on Fed. R. Civ. P. 15(d) is misplaced.

Second, Mr. Massey's interpretation of Fed. R. Civ. P. 15(d) would permit a party to remedy any post-complaint procedural deficiency. That is not what Rule 15(d) does; it allows the parties to supplement existing pleadings with new facts, not fix procedural problems that existed before the supplemental pleading was filed. Based upon the plain meaning of Rule 15(d) and the caselaw interpreting it, Mr. Massey's interpretation is not plausible. Therefore, the court denies his motion to file and serve a supplemental pleading.[24]

---

[23] ECF No. 47 at 3.

[24] The court acknowledges that "the standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." Carter, 787 F.3d at 1279 n.6 (quotations and citations omitted). Additionally, the court recognizes that under that liberal standard, "[t]he court should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Walker v. United Parcel Serv., Inc., 240 F.3d 1268, 1278 (10th Cir. 2001) (providing that leave to supplement pleadings "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants" (quotations and citation omitted)). However, given Mr. Massey's misplaced reliance

      **D.**      **Mr. Massey's Motion for a Pretrial Management Conference Under Fed. R. Civ. P. 16 Is Denied Without Prejudice.**

Mr. Massey moves for a pretrial management conference under Fed. R. Civ. P. 16. Mr. Massey contends that such a conference "would facilitate the management of the procedural complexities of the service of process issues which have developed in the instant case."[25] The court does not see any "procedural complexities" here. Instead, the issues addressed in this Memorandum Decision and Order are straightforward. The court has resolved Mr. Massey's various requests to remedy his admitted "failure to follow the correct procedure."[26] In resolving those requests, the court has denied Mr. Massey's Fed. R. Civ. P. 15(a)(2) motion without prejudice with permission to refile, meaning that he may refile the motion seeking to correct his procedural errors under the proper rule. Until the court and the parties have the correct operative complaint, the court concludes that a pretrial conference is inefficient. Therefore, Mr. Massey's motion for a pretrial management conference is denied without prejudice.

## CONCLUSION AND ORDER

Based upon the foregoing, IT IS HEREBY ORDERED:

1.     The County Defendants' motion to strike Mr. Massey's second amended complaint[27] is GRANTED.

---

on Fed. R. Civ. P. 15(d), the court concludes that, even under that liberal standard, he should not be permitted to supplement his complaint.

[25] ECF No. 48 at 3.

[26] ECF No. 38 at 4.

[27] ECF No. 34.

2. The Board Member Defendants' motion to strike Mr. Massey's second amended complaint[28] is GRANTED.

3. UTSSD's motion to strike Mr. Massey's second amended complaint[29] is GRANTED.

4. The Clerk of the Court is directed to STRIKE Mr. Massey's second amended complaint.[30]

5. Mr. Massey's motion to amend proof of service under Fed. R. Civ. P. 4(*l*)(3)[31] is DENIED.

6. Mr. Massey's motion for an extension of time to complete service of process under Fed. R. Civ. P. 4(m)[32] is DENIED.

7. Mr. Massey's motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2)[33] is DENIED WITHOUT PREJUDICE.

8. Mr. Massey's motion for permission to file and serve a supplemental pleading under Fed. R. Civ. P. 15(d)[34] is DENIED.

---

[28] ECF No. 36.

[29] ECF No. 37.

[30] ECF No. 28.

[31] ECF No. 44.

[32] ECF No. 45.

[33] ECF No. 46.

[34] ECF No. 47.

9. Mr. Massey's motion for a pretrial management conference under Fed. R. Civ. P. 16[35] is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED April 26, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[35] ECF No. 48.