# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADAM MASSEY, Plaintiff, v. UINTAH TRANSPORTATION SPECIAL SERVICE DISTRICT *et al.*, Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 2:20-cv-772 Howard C. Nielson, Jr. United States District Judge |

Adam Massey brings this suit against his former employer, the Uintah Transportation Special Service District, as well as Dan Dilsilver, Brad Horrocks, Kevin Van Tassell, and Bob Leake, all of whom were District Board members. Mr. Massey contends that Defendants breached his employment contract (Count I), breached the implied covenant of good faith and fair dealing (Count III), and deprived him of property interests in his contract without due process of law (Count VII).[1] Defendants have moved to dismiss these claims.

For the reasons that follow, the court grants the motions to dismiss the due process claim and declines to exercise supplemental jurisdiction over the claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

---

[1] Mr. Massey initially sued Uintah County and two of its County Commissioners as well, but the court dismissed his claim against these defendants after Mr. Massey conceded they "retain[ed] their immunity from Mr. Massey's claim." Dkt. No. 84. Mr. Massey also asserted several other claims against the remaining Defendants but he has now conceded that all of these claims are subject to dismissal—either in his response to the motions to dismiss (Counts V, VI, and VIII, *see* Dkt. No. 74 at 2, 14–15), or at the hearing on the motions (Counts II and IV). The court accordingly grants the motions to dismiss these claims.

## I.

Mr. Massey was employed as Executive Director of the District. *See* Compl., Dkt. No. 5 ¶¶ 8–9. His employment contract provided that Mr. Massey could "be separated from service at any time without cause" pursuant to a "written separation agreement" signed by both parties, Contract, Dkt. No. 68-1 § 7.4, and Mr. Massey concedes that his employment was therefore at will, *see* Pl's Resp., Dkt. No. 75 at 8.

The contract required the District to pay Mr. Massey a salary plus "commissions equal to one percent (1%) of all federal, state, FAA, C.I.B. or similar, grants that are procured and/or administered" on behalf of the District or for its benefit. Compl. ¶ 10. The contract also provided that if Mr. Massey were terminated without cause, he would be entitled "to receive compensation to the same extent [he] would have received . . . if he was still employed by [the District] for one additional year at [his] current salary, including all health insurance and other benefits." Contract § 7.5.

Mr. Massey alleges that the individual Defendants, acting in their official capacities as District Board members, voted unanimously to terminate his employment without cause on November 1, 2018. *See* Compl. ¶ 96. His termination became effective that night, and the Board stated that it would prepare a separation agreement to be signed by Mr. Massey by November 30, 2018. *See id.*

The next day, Mr. Massey asked individual Defendant Bob Leake when he could pick up his final check, and Mr. Leake with told him he would receive the check the following week. *See id.* ¶ 97. Four days later, the District's legal counsel told Mr. Massey that he would not receive a commission for one of the grants that Mr. Massey had recently procured for the District until he signed the separation agreement. *See id.* ¶ 99. The following day, after speaking with the

District's legal counsel, Mr. Leake informed Mr. Massey that he would in fact receive a commission for procuring the grant, but that the check would not include payment for vacation time that would have accrued during the following year had Mr. Massey not been terminated. *See id.* Mr. Massey was paid for his final two weeks of work by direct deposit the following day, and he received the grant commission the day after that. *See id.* ¶ 101–02. He also received a draft of the separation agreement the same day that did not include all of the grant commissions to which Mr. Massey believed he was entitled. *See id.* ¶ 103.

In the weeks following Mr. Massey's termination, the District received another grant that Mr. Massey alleges he procured, and on November 15, 2018—two weeks after he was formally terminated—Mr. Massey requested a $17,000 commission for that grant. *See id.* ¶ 105. Mr. Leake told him that he would not be paid the commission until he signed the separation agreement. *See id.* Then, on November 27, 2018, the District's legal counsel sent Mr. Massey's attorney a final draft of the separation agreement for him to sign, which again failed to include all of the commissions that Mr. Massey believed he was due. *See id.* ¶ 108. Three days later, on November 30, 2018—the deadline set by the District for Mr. Massey to sign the separation agreement—Mr. Massey demanded full payment of all the money he was owed under the contract within 24 hours. *See id.* ¶ 110. The District did not respond to this demand and has not made any additional payments to Mr. Massey since November 21, 2018. *See id.* ¶ 111.

Mr. Massey filed this action on November 2, 2020. *See* Dkt. No. 2.

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff cannot satisfy this standard by offering

"labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Nor will the court "accept as true a legal conclusion"—even if its "couched as a factual allegation." *Id.* (cleaned up). Rather, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).

### III.

Mr. Massey contends that Defendants deprived him of a contractual property interest without due process of law. The Supreme Court has held that public employees who are protected by contract against termination without cause have a property interest in their jobs for purposes of the Due Process Clause, *see e.g.*, *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569–70 (1972), and that this clause "requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment," *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citation omitted)).

Mr. Massey concedes that as an at-will employee he had no protected property interest in his continued employment, but he argues that he had such an interest in the payments he was to receive if he was terminated without cause. *See* Pl's Resp. at 8–9. At the hearing on the motions to dismiss, counsel for Mr. Massey also conceded that Mr. Massey received adequate *pre*-deprivation process. Indeed, counsel acknowledged that he could not think of any additional pre-deprivation process that Mr. Massey should have received. Rather, counsel clarified that the gravamen of Mr. Massey's due process claim is that the remedies provided by state law for breach of contract do not provide adequate *post*-deprivation process because they do not allow for the recovery of tort-like damages.

4

Mr. Massey concedes that no authority supports this legal theory.[2] Nor is the lack of authority surprising. Apart from cases challenging the termination of tenured public employees, the courts have repeatedly rejected due process claims based on the government's breach of contracts. *See*, *e.g.*, *Reagan Outdoor Advert. v. Salt Lake City Corp.*, 2021 WL 409788 at *4 (D. Utah 2021) (collecting cases); *Masso-Torrellas v. Toa Alta,* 845 F.3d 461, 468 (1st Cir. 2017); *Ramsey v. Board of Educ. of Whitley Cty., Ky.*, 844 F.2d 1268, 1273 (6th Cir. 1988); *Signet Constr. Corp. v. Borg*, 775 F.2d 486, 489–92 (2nd Cir. 1985); *Brown v. Brienen*, 772 F.2d 360, 364–367 (7th Cir. 1983). These courts have frequently rested their holdings, in least in part, on the proposition that the availability of state law contract remedies provides all the process that is due for any deprivation of property that may result from the government's breach of contract.

For example, in *Ramsey*, the Sixth Circuit considered whether a public school teacher had been deprived of property without due process of law when a new school board policy limited the number of unused sick days a teacher could accumulate and thus prevented the teacher from "cashing out" 113 of her 142 accumulated sick days when she retired. *See* 844 F.2d at 1269–1271. Assuming without deciding that the teacher had a protected property interest in her accumulated sick days under her contract, the Sixth Circuit nevertheless concluded that "when the deprivation is a simple breach of contract and there is an adequate state breach of contract action available as a remedy," a plaintiff must seek a contract law remedy in state court and a federal action for deprivation of due process will not lie. *Id*. at 1273. The court distinguished the

---

[2] In an unpublished opinion, the Tenth Circuit has previously affirmed the denial of legislative immunity in a case where the plaintiff asserted due process claims arising out of an alleged breach of contractual obligations relating to severance pay. *See Borde v. Board of Cty. Comm'rs of Luna County*, 423 F. App'x 798, 799–800 (10th Cir. 2011). The procedural due process claim in that case, however, involved allegedly inadequate *pre*-deprivation process (lack of notice), *see id*. at 802, and the Tenth Circuit expressly declined to consider whether the plaintiff's procedural due process allegations stated a claim in all events, *see id*. at 803 n.6.

Supreme Court's cases involving the termination of tenured public employees. As the Sixth Circuit explained, a "tenured employee who loses his or her position by a premature breach of contract has suffered the loss of a property interest that, because of its special nature, is neither easily defined nor easily compensated by a typical breach of contract action." *Id.* The deprivation of any property interest the plaintiff may have had in her accumulated sick days, by contrast, presented an injury that could be easily defined and compensated by state contract law. *See id.* at 1274.

The court believes the same analysis governs Mr. Massey's claim. Any protected property interest he may have had in the severance pay due him under the contract is far more analogous to the interest asserted in *Ramsey* than to a tenured public employee's interest in his or her job itself. And the deprivation of Mr. Massey's interest through Defendants' alleged breach is precisely the sort of economic injury that can be readily determined and compensated by state contract law.

To be sure, Utah law does not provide for the recovery of tort-like damages for breach of contract. But it would be surprising indeed if the Due Process Clause required the government to pay a type of damages for breaching a contract that would not be available for an analogous breach by a private party. Indeed, in other contexts where a post-deprivation remedy suffices to satisfy due process, the Supreme Court has long recognized States' leeway to determine what remedies will be available so long as they provide "a fair opportunity to challenge the accuracy and legal validity" of the deprivation and "a 'clear and certain remedy for any erroneous or unlawful" deprivation. *McKesson Corp. v. Division of Alcoholic Beverages & Tobacco of Bus. Regul. of Fla.*, 496 U.S. 18, 39 (1990).

For all of these reasons, the court concludes that on the facts alleged here, state contract law remedies provide all the post-deprivation process that Mr. Massey is due for any deprivation of protected property interests that may have resulted from Defendants' alleged breach of contract. And because these remedies are available to Mr. Massey, he has not been deprived of property without due process of law.

The court accordingly GRANTS Defendants' motions to dismiss Mr. Massey's due process claim.

## IV.

The Tenth Circuit has explained that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise [supplemental] jurisdiction over any remaining state claims." *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1314 (10th Cir. 2021) (citation omitted); *see also* 28 U.S.C. § 1367(c)(3). Because Mr. Massey's only federal claims have been dismissed, the court will follow the Tenth Circuit's guidance and dismiss Mr. Massey's state-law claims for breach of contract and breach of the implied covenant of good faith and fair dealing without prejudice. *See Reyes v. N.A.R., Inc.*, 546 F. Supp. 3d 1031, 1042 (D. Utah 2021).

\*   \*   \*

The motions to dismiss are **GRANTED IN PART**. The court **DISMISSES WITH PREJUDICE** Mr. Massey's due process claim, as well as all of the claims that he has conceded are subject to dismissal. The court **DISMISSES WITHOUT PREJUDICE** Mr. Massey's claims for breach of contract and breach of the implied covenant of fair dealing.

**IT IS SO ORDERED.**

8

DATED this 21st day of July, 2022.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge